JERUSHA SPARKS AND J. S. SPARKS, APPELLANTS,

v.

HARRIET H. BROWN, S. W. BROWN, AND
ARTHUR W. HIDDEN, APPELLEES.

A Court of Equity is without authority to review a finding of fact made by a competent tribunal, unless the finding is impeached for fraud or mistake.
The decision of the Secretary of the Interior upon mixed questions of law and fact properly presented for his decision, cannot be reviewed in a Court of Equity, fraud or mistake not being alleged.

APPEAL from the Second Judicial District, holding terms at Vancouver.

This suit was commenced for the purpose of compelling the defendants to convey the lands described in the amended complaint to plaintiff, Jerusha Sparks, on the grounds that she is the equitable owner thereof, and that the defendants hold the legal title in trust for her.

The complaint was lengthy; it set forth substantially among other matters that in a controversy pending before the Secretary of the Interior, the following findings of fact were made:

· That in October, 1850, a tract of land four miles square was selected by Col. Loring, then commanding at Vancouver, for military purposes, and that an order was published by him to that effect. In other words, that in October, 1850, Col. Loring, then commanding at Vancouver, published an order establishing a military reservation at Fort Vancouver, of four miles square.

That in August, 1851, the acting Secretary of War, declaring *so large a reservation* was not needed for military purposes, directed the officer then in command at that point *to lay off a reserve containing about a quarter section.*

This order not having been complied with, the Secretary of War, on October 29, 1853, directed General Hancock *to limit this reservation to* 640 *acres.*

That these instructions were carried into effect on December 8, 1853, " *and the reservation was reduced to* 640."

That Bolen made settlement November 27, 1853, on the land described in the complaint, as a claimant under the Donation Act, the same being " *wholly within the boundaries of the selection and reservation disclosed in* 1850."

The following conclusions of law were deduced therefrom :

That from October, 1850, to December 8, 1853, " neither the land embraced in the original selection and reservation of four miles, nor the land within one mile thereof, was subject to the location of a Donation Claim."

That as Bolen's claim was located wholly within the boundaries of the selection and reservation declared in 1850, and his settlement was. The complaint also alleges the death of Bolen, and that his widow, in June, 1860, filed proofs in the proper Land Office of his compliance with the conditions of the Donation Act up to the time of his death.

The bill also alleges that one Langford, under whom Brown claims, made an entry Nov. 16, 1863, of a portion of the land described in the complaint, and a patent issued May 8, 1869; that one Holstein, under whom Brown claims, made entry Mar. 20, 1865, of another portion of the land described in the complaint; and that Hidden made cash entry January 2, 1882, of another portion of said land, and a patent issued April 20, 1882.

The case was heard upon the amended bill of complaint and a demurrer thereto, specifying as grounds thereof—that the

amended complaint shows upon its face plaintiffs have a complete and adequate remedy at law, under Section 536 of the Code, without the aid of a Court of Equity.

That the same does not state facts sufficient to entitle the plaintiffs to the relief prayed for, or to any relief in equity.

Because of want of equity.

Because, on the facts as set forth in the complaint, a Court of Equity has no jurisdiction.

At the April term at Vancouver, 1885, judgment was entered sustaining the demurrer and dismissing the bill of complaint. From this judgment plaintiffs appeal.

*Williams, Durham & Thompson*, for Appellants.

Our claim is: That this Court has jurisdiction in equity, because it is a suit brought to correct an error at law committed by the Secretary of the Interior, adversely to our claim for the law in dispute.

*Hall* v. *Russell*, 11 Otto, 503, is a case where a bill in equity was brought by the heirs of a settler under the Donation Act, against persons who, it was said, had wrongfully obtained a patent to the land; and there is no intimation in that case that a Court of Equity had not jurisdiction.

*Vance* v. *Burbank*, 11 Otto, 514, is another case where a suit in equity was brought by persons claiming as heirs to lands acquired under the Donation Law, against one who, it is alleged, had wrongfully obtained a patent therefor; and there is no question made in that case as to the jurisdiction of a Court of Equity.

*White* v. *Allen*, 3d Oregon, 103, is a case in which a suit in equity by persons claiming under the Donation Act was maintained against one who had obtained a patent to the land in controversy, and the patentee was declared a trustee for the plaintiff.

Mr. Justice Field, in the case of *Patterson* v. *Tatum*, 3 Sawyer, 103, lays down the rule on this subject as follows: "So, also, if particular facts respecting the condition or location of the property must be previously ascertained and determined by a special tribunal appointed for that purpose, and that tribunal has come to erroneous conclusions, upon which the patent is issued, such conclusions cannot be questioned collaterally, and

the patent be thereby invalidated in the action of ejectment. Relief in such cases can only be afforded by a direct proceeding by a bill, information or *scire facias*, either to revoke the first patent, or restrain its operation; or to subject, when equitable grounds exist, the lands to certain trusts in the first patentee's hand. (*Miller* v. *Dale*, 44 Cal. 563.)

The other question presented by the demurrer is as to whether or not the decision of the Secretary of the Interior, holding that the one mile limitation provided for in Section 9 of the Donation Act applies to military reservations, and whether or not the error, if there is one, can be attacked in this proceeding.

On the 14th day of February, 1853, Congress declared that all reservations heretofore, as well as hereafter, made in pursuance of the 14th section of the Donation Act, shall for magazines, arsenals, dock-yards and other needful public uses, except for forts, be limited to an amount not exceeding twenty acres for each and every of said objects, at any one point or place; and for forts, to an amount not exceeding 640 acres at any one point or place. (10 Stats. at Large, 158.)

On the 27th day of November, 1853, Bolen made his settlement upon the lands in question.

Whatever may have been said or done by the military authorities prior thereto, we claim that this act, *ipso facto*, reduced the right of the United States to hold thereafter, at Vancouver, more than 640 acres of land.

On the 8th day of December, 1853, this act was carried into effect, under the directions of the Secretary of War.

Touching the effect of the acts of Colonel Loring and others, prior to the establishment of a military reservation on December 8th, 1853, Judges Sawyer and Deady, in the case of *The United States* v. *Tichenor*, 8th Sawyer, 142, decide: " That while an order issued by the Secretary of War, designating a reservation under this act (Donation Act) for a military post or station, may be presumed to have been made by the authority of the President, until the contrary appears, no such presumption arises in case such order is made by any one else; and therefore an order issued by the military officer in command of the department, directing the establishment of a military reservation at Port Orford, Oregon, is void and of no effect."

Judge Deady, in the case of *Aiken* v. *Terry*, 6 Sawyer, 79,

held that the decision of the Secretary of the Interior, that a certain person was not a qualified preëmptioner, was an error of law, for which he reversed the Secretary's decision; and we think that the reasoning of the Court in that case abundantly sustains our position.

*Rufus Mallory* and *B. F. Dennison*, for Appellees.

The bill is, in substance and effect, an ejectment bill, and as is said in *Killium* v. *Ebbinghaus*, 110 U. S. 568: "A bill in equity will not lie, if it is in substance and effect an ejectment bill, and if the relief it seeks can be obtained at law by an action of ejectment."

In *Hipp* v. *Babin*, 19 How. 271, the Supreme Court said:

"The bill in this case is in substance and legal effect an eject-ment bill. The title appears by the bill to be merely legal." (See also *Parker* v. *Winnepissoge Lake C. and W. M. Co.*, 2 Black. 545; *Grand Chute* v. *Winegar*, 15 Wall. 373; *Lewis* v. *Cocks*, 23 Wall. 466.)

This objection to the jurisdiction may be enforced by the Court "*sua sponte*," though not raised by the pleadings or sug-gested by counsel. (110 U. S. 574; 19 How. 271; 2 Black. 545; 23 Wall. 466, supra.)

The law is well settled, that the Donation Act is a present grant of an estate in fee upon conditions subsequent; and that upon compliance with these conditions the grant takes effect, and the legal title to the land becomes vested in the donee by virtue of the act itself.

The ministerial act of issuing a patent can add nothing to the strength or character of the title thus acquired.

Such title is perfect, absolute, and indefeasible.

In *Hall* v. *Russell*, 11 Otto, 512 and 513, commenting on Sec. 8 of the Donation Act, the Court uses language which cannot be misconstrued.

Speaking of the settler's death before the expiration of the four years' residence, the Court says:

"On his death, his heirs become qualified *grantees.* Whether they take immediately on his death, or after proof of his com-pliance with the provisions of the act in life, need not be decid-ed." (*Simmons* v. *Wagner*, 11 Otto, 260 ; *Barney* v. *Dolph*, 97 U. S. 652; *Stark* v. *Starrs*, 6 Wall. 402; *Wirth* v. *Beanson*, 98

U. S. 118; *Frisbie* v. *Whitney*, 9 Wall. 187; *Smelting Co.* v. *Kemp*, 14 Otto, 641; *Morton* v. *Nebraska*, 21 Wall. 660; *Steel* v. *Smelting Co.*, 16 Otto, 447; *Elliot et al.* v. *Piersol et. al.*, 1 Peters, 340; *Wilcox* v. *Jackson*, 13 Peters, 269; *Sherman* v. *Buick*, 3 Otto, 209.

The conclusions of law resulting from the facts found by the Secretary of the Interior may be reëxamined by the Courts in a proper proceeding, and these only.

The defendants also insist that any mixed question of law and fact, determined by the Secretary of the Interior in such contest, is final and conclusive upon all parties thereto, and cannot ordinarily be reëxamined by the Courts.

The law upon these points has been often stated. (*Hosmer* v. *Wallace*, 47 Cal. 461, 471, 473; *Shepley* v. *Cowan*, 91 U. S. 330–340; *Moore* v. *Robbins*, 96 U. S. 530; *Quimby* v. *Conlan*, 104 U. S. 420–426; *Steel* v. *Smelting Co.*, 106 U. S. 450.)

The filing of a notification and location of a Donation Claim within the boundaries of a tract of land thus selected would be equally void, and no rights could be acquired thereby. Even the ignorance of the settler that the land had been selected for military purposes does not prevent the settlement from being *void.*

This has been repeatedly held. (*Kissell* v. *St. Louis Public Schools*, 18 How. 23; *Doe* v. *Darnell*, 4 McLean, 442; *Root* v. *Shields*, 1 Woolworth, 340, 363.)

Again, suppose the order published by Colonel Loring was made and issued by himself. Then we say that the recognition of this act by the Acting Secretary in 1851, and by the Secretary of War in October, 1853, made Loring's act the act of the Secretary of War; and the reservation became lawfully established, and was as valid as if declared such by an order of the President. (Digest of the Opinions of the Judge Advocate General, p. 445, and cases; *Wilcox* v. *Jackson*, 13 Pet. 497; *Grisar* v. *McDowell*, 6 Wall. 363, 681.)

As to the point that appellants cannot maintain this suit because they have an adequate remedy at law.

*Sharp* v. *Stevens*, 6 Sawy. 48, is a case in which it is expressly decided that a grantee under the Donation Act cannot in an action at law assail a patent issued to a party not entitled to the land. A patent to land cannot be set aside in an action at law

otherwise than in exceptional cases. (*Mounsey* vs. *Drake*, 10 Johns. 25; *French* vs. *Egan*, 93 U. S. 169.) That a suit in equity is the proper remedy for one claiming under the Donation Law, see cases cited in our brief. See also *Dalles City* v. *Mission Society*, 6 Sawy. 126; *Silver* v. *Ladd*, 7 Wall. 219.

This suit is to set aside a decision of the Secretary of the Interior, holding that under the laws of the United States appellants are not entitled to the land which they claim. Courts of Equity have jurisdiction in such a case. (*Moore* v. *Robbins*, 96 U. S. 530.)

This case presents a much clearer question of law than the cases of *Aiken* v. *Terry*, 6 Sawy. 79, and *Moore* v. *Robbins*, 96 U. S. 530, in which the Court reversed the decisions of the Secretary of the Interior for errors of law.

Opinion by GREENE, Chief Justice.

The main decisive question, we think, in determining whether the District Court erred in sustaining appellees' demurrer, is one as to the power of a Court of Equity to review a finding of fact made by a competent tribunal. We consider the doctrine to be well established, that such a review cannot be had unless the finding is impeached for fraud or mistake. (*Hosmer* v. *Wallace*, 47 Cal. 461; *Wilcox* v. *Jackson*, 13 Pet. 469; *Shipley* v. *Cowan*, 91 U. S. 330; *Moore* v. *Robbins*, 96 U. S. 531; *Quimby* v. *Conlan*, 104 U. S. 420; *Steel* v. *Smelting Co.*, 106 U. S. 450.)

Whether there was a selection of land for military purposes under Section 9 of the Donation Act, and whether any part of the Bolen Donation Claim was within one mile of such a tract so selected, are mixed questions of law and fact. (*River Bridge Co.* v. *Kansas P. Ry Co.*, 2 Otto, 318.) The Secretary of the Interior had undoubted jurisdiction to determine them. No fraud or other cause of impeaching his findings appears in the bill of complaint. True, the bill as originally framed contained several allegations of fraud, which were stricken out on motion. But the fraud so endeavored to be charged, if it ever existed, presumably supervened prior to the contest in the Land Department, and was available in appellants' interest before the Secretary. Langford's fraud, if any, was in 1863; Hulstein's, in 1865; that of Brown and husband of the same dates; and no

fraud has been well laid as against Hidden. All the appellees are alleged to have been parties to the contest. The allegations of fraud, therefore, were properly stricken from the pleading; for the Secretary must be deemed to have found no fraud. He had before him for adjudication the very subject matter here proposed to be litigated, namely, the validity of Bolen's Donation entry, and his decision as to every question of fact involved could not be modified or reversed by any other tribunal in a collateral suit or proceeding, save for fraud or mistake inherent in itself. See opinion in *Wingard* v. *Jamieson*, decided at this term, and cases therein cited.

The judgment of the Court below is affirmed.

S. C. WINGARD, Associate Justice.

GEORGE TURNER, Associate Justice.